WO

MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa,<br><br>    Plaintiff,<br><br>v.<br><br>Maricopa County Sheriff's Office, et al.,<br><br>    Defendants. | No. CV 20-01705-PHX-MTL (ESW)<br><br>**ORDER** |

On August 31, 2020, Plaintiff Alfred E. Caraffa,[1] who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). Pursuant to 28 U.S.C. § 1915(g), the Court will deny the Application to Proceed and will dismiss the Complaint and this action without prejudice.

**I.     Dismissal Pursuant to 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] Plaintiff is housed in a male facility but uses feminine pronouns to refer to herself. The Court will do the same.

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id*. at 1120.

At least three of Plaintiff's prior actions qualify as "strikes" under § 1915(g):

(1) *Caraffa v. Maricopa County Sheriff's Department*, CV 20-00013-PHX-MTL (ESW) (Mar. 3, 2020 Order and Judgment dismissing Second Amended Complaint for failure to state a claim);

(2) *Caraffa v. Maricopa County Sheriff's Office*, CV 20-00227-PHX-MTL (ESW) (Mar. 30, 2020 Order and Judgment dismissing Second Amended Complaint for failure to state a claim);

(3) *Caraffa v. CHS*, CV 20-00256-PHX-MTL (ESW) (Feb. 10, 2020 Order dismissing Complaint for failure to state a claim, with leave to amend, and Apr. 13, 2020 Judgment for failure to file amended complaint).

Therefore, Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee and $50.00 administrative fee unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**II.   Imminent Danger**

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)). Moreover, although a court considering a

motion to proceed in forma pauperis, "should not attempt to evaluate the seriousness of a plaintiff's claims[, . . . ] it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews*, 493 F.3d at 1053.  Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

In her three-count Complaint, Plaintiff alleges that a deputy refused to file one or more her petitions for a writ of habeas corpus and "motions to the Court" and that she is "being punished cruelly and unusually" because she is "held in custody."  Plaintiff's allegations do not credibly or plausibly suggest she is in imminent danger of serious physical injury.  Thus, the Court will deny Plaintiff's Application to Proceed In Forma Pauperis and will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g).  If Plaintiff wants to reassert these claims in the future, she must prepay the entire $400.00 filing and administrative fees when she files her action.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **denied**.

(2) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g).  If Plaintiff wishes to reassert these claims in the future, she must prepay the entire $400.00 filing and administrative fees when she files her action.

(3) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 3rd day of September, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge